## Ulrich *v.* Matika, Appellant.

*Tax sales—Ejectment—Evidence—Personal property on premises.*

In an action of ejectment, where the defendant relies for title upon a tax sale, binding instructions cannot be given in his favor, where the testimony shows that during the period covered by the assessment of taxes for which the sale was made, there was sufficient personal property on the real estate sold to pay all the taxes assessed thereon, which might have been seized by the collector, if he had used due diligence.

Submitted Dec. 6, 1905.   Appeal, No. 293, Nov. T., 1901, by defendants, from judgment of C. P. Schuylkill Co., Nov. T., 1901, No. 293, on verdict for plaintiff in case of John O. Ulrich v. Mike Matika and Paul Richardson.   Before RICE, P. J., BREWER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Ejectment for land in the Borough of Gilberton.   Before SHAY, J.

At the trial it appeared that the defendant, Paul Richardson, claimed title under a tax sale.   The evidence showed that there was sufficient personal property on the premises at the time of the assessment to pay all of the taxes levied.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*H. O. Bechtel, J. H. Rothstein* and *M. M. Burke,* for appellant.

*John O. Ulrich* and *A. W. Schalck,* for appellee.

PER CURIAM, January, 13, 1906:

Judging from the statements in the appellee's paper-book, there are omitted from the appellant's paper-book matters of record and of evidence which are essential to a proper review of the case.   The matters referred to are the defendant's an-

swer, filed in December, 1901, and full copies of the deed of the county treasurer to the county commissioners, and of the assignment or reassignment to Paul Richardson, the appellant, indorsed thereon.    It was important that we should have these before us in order to pass upon the question, raised by the appellee, as to the redemption of the premises within two years from the date of the treasurer's sale for the taxes of 1897–1899.    As the case is presented in the appellant's paper-book it is impossible, however, to pass upon that question intelligently, and therefore we express no opinion upon it.    The appellant's complaint is that the court erred in refusing to give binding instructions in his favor.    But clearly the court would not have been warranted in giving such instructions in the face of the testimony that during the period covered by the assessment of taxes for which the sale was made " there was sufficient personal property on the real estate sold to pay all the taxes assessed thereon, which might have been seized by the collector, if he had used due diligence: " Section 2, Act of May 13, 1879, P. L. 55 ; Act of June 3, 1885, P. L. 71.    This question of fact was submitted to the jury with instructions as to which no specific complaint is made, and their verdict for the plaintiff has established the facts which prevented the divestiture of the title by the sale in question.

Judgment affirmed.